IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| JUDITH DOYLE | § | |
| --- | --- | --- |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-12-049 |
| | § | |
| CHURCH MUTUAL INSURANCE CO., | § | |
| | § | |
| Defendant | § | |

## REPORT AND RECOMMENDATION

Before the Court, by referral from the District Court, is the Motion for Summary Judgment (Docket Entry (Dkt.) No. 23) and the "First Supplement to its Motion for Summary Judgment" (Dkt. No. 27) that were filed by Defendant Church Mutual Insurance Company. In the Motion, Defendant seeks the dismissal of all claims asserted against it by Plaintiff Judith Doyle. Having carefully considered the parties' arguments (Dkt. Nos. 23, 24, 26, 27, 29), the summary judgment evidence and the applicable law, the Court now submits this Report and Recommendation to the District Court.

## I. BACKGROUND

This action arises out of the handling of a workers compensation claim in Texas. Plaintiff Judith Doyle (Doyle) was employed by Redeemer Lutheran Church. On November 10, 2009, while Doyle was working with autistic children at the Church, she fell and injured her left knee and shoulder. Church Mutual Insurance Company was the workers compensation insurance

1

carrier for Doyle's employer. Doyle contends that Church Mutual wrongfully delayed payment of temporary income benefits (TIB) from April 11, 2010, through August 30, 2010, and only paid these benefits after the hearing officer[1] ruled in Doyle's favor on January 25, 2011. (Dkt. No. 1, Ex. B; Dkt. No. 24, Ex. J).

Notwithstanding the payment of the benefits, Doyle filed suit against Church Mutual in state court. In her original complaint, Doyle claims that Church Mutual wrongfully withheld and/or delayed making payment of these benefits to her and, in doing so, breached "its duty of good faith and fair dealing with [her] ("*Aranda* duties)." (Dkt. No. 1). Doyle claims that Church Mutual's actions caused her to suffer monetary damages and "significant and severe mental anguish as a result of being without such funds." (Dkt. No. 1, Ex. B at 4). Doyle prays for an award of actual damages, as well as punitive damages. (*Id.*). After Church Mutual was served, it removed the action to federal court based on diversity jurisdiction. (Dkt. No. 1).

Approximately six months after Doyle initiated this action in state court, the Texas Supreme Court issued its opinion in *Texas Mutual Ins. Co. v. Ruttiger*, 381 S.W.3d 430 (Tex. 2012). The Court's holding in *Ruttiger* had a direct impact on Doyle's action because it eliminated the cause of action she asserted against Church Mutual for "bad faith" in the handling of her workers' compensation claim. Nevertheless, Doyle sought leave to amend her claims against Church Mutual. (Dkt. No. 16). In her First Amended Complaint, with the factual basis for her claim remaining unchanged, Doyle now asserted causes of action against Church Mutual for the "failure to pay a debt; wrongful detention of money; [and/or] conversion of money"[2] and for misrepresenting the "insurance policy." (Dkt. No. 16 at 4-5).

---

[1] The officer was with the Workers' Compensation Division of the Texas Department of Insurance.

[2] Doyle collectively refers to this as her first cause of action.

2

Shortly thereafter, and in response to Church Mutual's Motion for More Definite Statement concerning her misrepresentation claim, Doyle sought, and was granted, leave to file a Second Amended Complaint to clarify that claim. (Dkt. Nos. 18, 20, 21). Aside from providing this clarification, the causes of action contained in Doyle's Second Amended Complaint mirror those found in her "First Amended Complaint." (Dkt. No. 21 at 4-5).

Church Mutual filed a Motion for Summary Judgment seeking dismissal of Doyle's action in its entirety. The parties have filed their respective response and repl. Church Mutual's Motion is now ripe for adjudication.

## II. STANDARD OF REVIEW

The Court analyzes Defendant's Motion under the well-established summary judgment standard. Fed. R. Civ. P. 56(c); *see generally*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 576, 586-87 (1986); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 464 (5th Cir. 1999); *United States v. Arron*, 954 F.2d 249, 251 (5th Cir. 1992).

## III. DISCUSSION

### A. Doyle's Common Law Claims

Church Mutual, relying on the Texas Supreme Court's holding in *Ruttiger*, argues that the Texas Workers' Compensation Act ("TWCA") is Doyle's sole remedy for the failure to pay timely benefits.[3] Doyle opposes Defendant's Motion and essentially argues that the holding in *Ruttiger* should be limited to the claims at issue in that case.

---

[3] This case was removed to federal court based on diversity jurisdiction. In diversity cases, federal courts are bound to apply Texas substantive law. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938); *Kona Technologies Corp. v. Southern Pacific Transport Co.*, 225 F.3d 595, 602 (5th Cir. 2000). In doing so, a federal court must "look to final decisions of the highest court of the state." *Transcontinental Gas Pipe Line Corp. v. Transportation Ins. Co.*, 953 F.2d 958, 988 (5th 1992).

3

In *Texas Mutual Insurance Co. v. Ruttiger*, the Texas Supreme Court, strongly influenced by the broad changes that the Texas Legislature made to the Workers' Compensation Act (occasionally referred to as "the Act"), determined that the claimant could not assert a cause of action against a workers' compensation insurer for unfair claims settlement practices under the Texas Insurance Code or under the Texas Deceptive Trade Practices Act based on alleged violations of those statutes. *Ruttiger*, 381 S.W.3d at 445. The Court also determined that the changes in the Act obviated the need to recognize a cause of action against workers' compensation insurers for breach of the common law duty of good faith and fair dealing. *Id.* 446. Instead, with regard to these claims, the Court concluded the claimant's remedies were restricted to those provided in the Act.

It is, of course, true that the Texas Supreme Court did not address the viability of the particular causes of action asserted by Doyle (*i.e.*, failure to pay a debt, wrongful detention and/or conversion of money), however, in the opinion of this Court, any such difference will be one without distinction.[4] Regardless of how Doyle attempts to couch her claims, they are still based on allegations that Church Mutual mishandled her workers' compensation claim and improperly refused and/or delayed payment of benefits, therefore, the sole remedy against Church Mutual for failing to pay timely benefits to her is under the Act. If this Court were to allow Doyle to pursue these claims against Church Mutual outside of the Act, it would clearly be "at odds with the dispute resolution process of the workers' compensation system"— particularly since the Act

---

[4] The Court in *Ruttiger* acknowledged the great lengths that the Texas Legislature had gone to in remedying past deficiencies when crafting a statutory structure that "carefully constructs rights, remedies, and procedures" to provide adequate coverage for injured workers. *Ruttiger*, 381 S.W.3d at 440-41. "[I]n light of the specific substantive and procedural requirements built into the Act and the detrimental effects on the carriers flowing from penalties that can be imposed for failing to comply with those requirements" (*id.* at 445), the Texas Supreme Court concluded that claimants were precluded from separately pursuing a number of different causes of action that "would significantly undermine that scheme.'" *Id.* at 443-44.

provides remedies for alleged misconduct[5]—and, as explained by the Supreme Court in *Ruttiger*, be inconsistent with the aims of the Texas Legislature. *Id.* at 443-46.[6]

Although the Court is aware that Doyle has attempted to distance herself from the effects of *Ruttiger* by arguing that she has a vested "property interest" in the benefits pursuant to § 408.0041(f) of the Texas Labor Code[7] and that Church Mutual's failure to pay her the funds should be actionable under common law theories of wrongful detention and conversion of money (Dkt. No. 24 at 7-8); Dkt. No. 29 at 2), the evidence simply does not support her contentions. Instead, the evidence before the Court reflects that a request was made for a medical examination of Doyle and the commissioner selected a "designated doctor" and ordered an examination. TEX. LABOR CODE, §408.0041(a), (b). The evidence in the record also reflects that the "designated doctor" issued a report to the division in which he opined that Doyle could not return to work, but the report is silent on when Doyle's disability began. Finally, the evidence reflects that once Church Mutual received the report, it issued TIB to Doyle from the date of the "designated

---

[5] The Court in *Ruttiger* explained that "a carrier's failure to comply with the Act's requirements, deadlines, and procedures is not without consequences. First, the Act specifies administrative violations both in particular sections and in a general catchall provision. For example, if a carrier fails to initiate compensation or notify the WCD of its refusal to do so within fifteen days of receiving notice of injury, it is an administrative violation subject to monetary penalties up to $25,000 per day. The Act also provides that a carrier or its representative commits an administrative violation for any of twenty-two specified actions, including failing to process claims promptly and in a reasonable and prudent manner, controverting a claim if the evidence clearly indicates liability, and failing to comply with the Act. ... Also, both the WCD and claimant are specifically authorized by the Act to file suit to enforce the order and recover attorney's fees. [Citations omitted]. *Ruttiger*, 381 S.W.3d at 442.

[6] The Court pauses to note that, as was the case in *Ruttiger*, there is no indication that Doyle argued, or that the hearing officer determined, that the carrier "committed administrative violations by failing to process claims in a reasonable and prudent manner; [or] by refusing to pay benefits without having reasonable grounds...." *Ruttiger*, 381 S.W.3d at 444, n. 12.

[7] Section 408.0041 provides, in relevant part, the following: "[u]nless otherwise ordered by the commissioner, the insurance carrier shall pay benefits based on the opinion of the designated doctor during the pendency of any dispute. ... TEX. LABOR CODE §408.0041(f).

doctor's" report. While one could, of course, debate the carrier's obligation to inquire further, the carrier did issue payment in accordance with the opinion of the designated doctor.[8]

Guided by the rationale articulated in *Ruttiger*, this Court concludes that the Texas Supreme Court would preclude Doyle from bringing these common law claims against Church Mutual for the failure to pay a debt, wrongful detention and/or conversion of the workers' compensation benefits. *See FDIC v. Abraham*, 137 F.3d 264, 267,68 (5th Cir. 1998); *see also*, *Transcontinental Gas Pipe Line Corp. v. Transportation Ins. Co.*, 953 F.2d 958, 988 (5th 1992) ("a federal court may determine "as best it can, what the highest court of the state would decide"); *Travelers Cas. & Sur. Co. of America v. Ernest & Young LLP*, 542 F.3d 475, 482-83 (5th Cir. 2008) (the process is referred to as an "*Erie* guess").

Accordingly, this Court **RECOMMENDS** that Defendant Church Mutual's Motion for Summary Judgment be **GRANTED** and that Doyle's first cause of action be **DISMISSED**.

### B. Doyle's Misrepresentation Claim

Doyle asserts a claim against Church Mutual for misrepresentation of the insurance policy. In its Motion for Summary Judgment, Church Mutual argues that Doyle's claim for misrepresentation of the policy has no basis.

As a preliminary matter, the Texas Supreme Court in *Ruttiger* determined claims for misrepresentation of an insurance policy under § 541.061 of the Texas Insurance Code remained actionable because this statutory provision "does not evidence intent that it be applied in regard to settling claims," and, thus, would not be "at odds with the dispute resolution process of the workers' compensation system." *Ruttiger*, 381 S.W.3d at 446. Nonetheless, the Court concluded

---

[8] The Court pauses to note that the carrier does not select the designated doctor and its interaction with the designated doctor is normally limited in order to eliminate any appearance of undue influence. *See*, TEX. LABOR CODE, §408.0041.

that Ruttiger could not prevail on this claim because the evidence was legally insufficient to support a finding that the insurance carrier misrepresented its policy to him. *Id.*

Shortly after issuing its opinion in *Ruttiger*, the Texas Supreme Court once again clarified that the Workers' Compensation Act did not preclude a claimant from bringing a claim against the carrier for misrepresentation of the policy. *Texas Mut. Ins. Co. v. Morris*, 383 S.W.3d 146 (Tex. 2012). Notwithstanding this ruling, the Texas Court squarely rejected the claim for misrepresentation because it concluded that, despite how Morris (*i.e.*, the claimant) attempted to cast his claim, the evidence in the record reflected that the dispute between the parties centered on the extent of his injuries and disability, rather than any provision of the insurance policy. *Id.* at 150.

In the present case, Doyle contends that Church Mutual made a misrepresentation of its policy and bases her contentions on the following: in accordance with § 408.0041(f) of the Texas Labor Code, Church Mutual was legally required to pay her TIB from April 11, 2010 through August, 30 2010; Church Mutual's policy required prompt payment of these benefits;[9] and, by delaying payment of these benefits to her, Church Mutual misrepresented the policy provisions. Despite Doyle's attempt to craft a claim against Church Mutual for misrepresentation of the policy, there is no evidence that Church Mutual misrepresented any policy provision to the employer or Doyle. Instead, the evidence reflects that a dispute existed between Doyle and Church Mutual concerning compensability, the duration of disability and the tender of a bona fide offer of employment to Doyle by her employer after the injury occurred. (Dkt. No. 24, Ex. J).

---

[9] Church Mutual's policy provides: "[w]e will pay promptly when due the benefits required of you by the workers compensation law." (Dkt. No. 24, Ex. M).

7

The evidence also reflects that, once the hearing officer resolved these disputes in Doyle's favor, Church Mutual promptly issued payment to her in accordance with the policy. (*Id.*). In light of this evidence, the Court finds no triable issue of fact exists concerning a claim for misrepresentation of the insurance policy.

This Court, therefore, **RECOMMENDS** that Defendant Church Mutual's Motion for Summary Judgment be **GRANTED** and that Doyle's misrepresentation claim be **DISMISSED**.

## CONCLUSION

Accordingly, for all the foregoing reasons, the **RECOMMENDATIONS** of this Court that Defendant Church Mutual Insurance Company's Motion for Summary Judgment be **GRANTED** and that Plaintiff Judith Doyle's action be **DISMISSED**.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **September 6, 2013,** to have written objections, filed pursuant to 28 U.S.C. §636(b)(1)(C). Failure to file written objections within the prescribed time **SHALL** bar the Parties from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this 22d day of August, 2013.

JOHN R. FROESCHNER
UNITED STATES MAGISTRATE JUDGE